**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose HERNANDEZ–TORRES,
Defendant—Appellant.**

No. 00–50610.

D.C. No. CR–00–00981–MLH.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. 34(a)(2).

** The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

Submitted June 5, 2001.*

Submission Vacated in Part July 6, 2001.

Resubmitted Aug. 27, 2002.

Decided Aug. 27, 2002.

Before D.W. NELSON, FERNANDEZ, and RYMER, Circuit Judges.

## SUPPLEMENTAL MEMORANDUM **

Jose Hernandez–Torres appeals from his conviction and sentence for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841, and for importing marijuana in violation of 21 U.S.C. § 960. We have jurisdiction and we affirm.

Hernandez–Torres' contention that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), renders 21 U.S.C. §§ 841 and 960 unconstitutional is foreclosed by *United States v. Buckland,* 289 F.3d 558, 563–68 (9th Cir.2002) (en banc) and by *United States v. Mendoza–Paz,* 286 F.3d 1104, 1110 (9th Cir.2002), respectively.

His argument that the government was required to prove that he knew the type and quantity of the drug he possessed is foreclosed by *United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.2002).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

